1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              CENTRAL DISTRICT OF CALIFORNIA

10

11    GREGORY WALLACE,                    )   Case No. CV 17-64 DSF(JC)
                                          )
12                                        )   ORDER (1) ACCEPTING FINDINGS,
                                          )   CONCLUSIONS AND
13                          Petitioner,   )   RECOMMENDATIONS OF
                                          )   MAGISTRATE JUDGE TO THE
14                                        )   EXTENT NOT MOOT;
            v.                            )   (2) GRANTING PETITIONER'S
15                                        )   MOTION TO DISMISS/REQUEST
                                          )   FOR STAY, DISMISSING
16                                        )   UNEXHAUSTED CLAIMS WITHOUT
      STU SHERMAN,                        )   PREJUDICE, AND DIRECTING
17                                        )   PETITIONER TO FILE PERIODIC
                                          )   STATUS REPORTS; (3) DENYING
18                                        )   MOTION TO DISMISS AS MOOT;
                                          )   AND (4) DIRECTING THE CLERK
19                          Respondent.   )   ADMINISTRATIVELY TO CLOSE
                                          )   THIS ACTION
20                                        )
                                          )   [DOCKET NOS. 17, 24]
21                                        )

22    _____

23           Pursuant to 28 U.S.C. § 636, the Court has reviewed all of the records in this

24    matter, including (1) the Petition for Writ of Habeas Corpus by a Person in State

25    Custody ("Petition"); (2) the parties' submissions in connection with Respondent's

26    Motion to Dismiss the Petition; (3) the December 7, 2017 Report and

27    Recommendation of United States Magistrate Judge ("Report and

28    Recommendation" or "R&R"); (4) petitioner's post-Report and Recommendation

submission which appears to (a) object to the Report and Recommendation
("Objections"); (b) move for dismissal of petitioner's unexhausted claims
("Petitioner's Motion to Dismiss); and (c) seek a stay pursuant to Kelly v. Small,
315 F.3d 1063 (9th Cir. 2003) ("Motion to Stay"); and (5) respondent's response to
petitioner's post-Report and Recommendation submission ("Response").  The
Court has further made a *de novo* determination of those portions of the Report and
Recommendation to which objection is made.  The Court hereby finds and orders
as follows:

      1.    The Court concurs with and accepts the findings, conclusions, and
recommendations of the United States Magistrate Judge to the extent not moot and
overrules the Objections.  In particular, this Court finds that (a) Grounds 1, 3 and 5
of the Petition are unexhausted; (b) Ground 4 of the Petition is unexhausted to the
extent predicated on a violation of the Equal Protection Clause; (c) the Petition is
"mixed" in that it contains both exhausted and unexhausted claims; and
(d) dismissal of the "mixed" Petition would be appropriate if petitioner, having
been afforded an opportunity to amend it to delete unexhausted claims, failed to do
so or to take other appropriate action.

      2.    The Court deems the Report and Recommendation to be moot and
declines to follow it to the extent it recommends that this Court (a) direct petitioner
to elect one of multiple specified options with attendant explanations of the
potential consequences of each such option; and (b) defer ruling on Respondent's
Motion to Dismiss pending such election.  The Report and Recommendation
correctly described the options available to petitioner given the "mixed" nature of
the Petition, correctly explained the potential consequences of each, and effectively
afforded petitioner a choice among such options.  It essentially explained that one
of petitioner's options was to dismiss the unexhausted claims and to seek a stay of
the then fully exhausted Petition under Kelly, with the understanding that
petitioner would be allowed to amend the Petition to add any newly exhausted

2

claims only if the claims are timely or "relate back" to the original exhausted claims (see Mayle v. Felix, 545 U.S. 644, 664 (2005)).  It is evident from the substance of petitioner's post-Report and Recommendation submission that he understood the options described in the Report and Recommendation and has already elected to seek dismissal of the unexhausted claims and a Kelly stay, making it unnecessary for this Court also to explain his options and the consequences of failing to elect one.

3.    The Court grants Petitioner's Motion to Dismiss which requests that the Court dismiss claims that the Court deems unexhausted, and accordingly dismisses Grounds 1, 3 and 5 of the Petition and Ground 4 of the Petition to the extent predicated on a violation of the Equal Protection Clause ("Dismissed Claims") without prejudice.  Such order renders the Petition wholly exhausted.

4.    The Court grants Petitioner's Motion to Stay, which is unopposed by Respondent (see Response at 2-4), subject to the description and limitations set forth below.  As suggested by the above, under Kelly, a petitioner may invoke a three-step procedure, namely (i) a petitioner amends the "mixed" petition to delete the unexhausted claims; (ii) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (iii) the petitioner later amends his petition to add the newly exhausted claims to the petition.  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir.), cert. denied, 558 U.S. 887 (2009).  Use of this procedure to allow exhaustion of unexhausted claims or to permit amendment to add newly exhausted claims is not available absent a showing that such claims are not time-barred.  Id.  ("A petitioner seeking to use the [foregoing] procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely.").  Here, as noted by respondent, it appears that the statute of limitations has not yet commenced to run because the Court of Appeal has not yet issued a final decision on direct appeal due

to the pendency of issues relating to petitioner's juvenile co-defendants.  <u>See</u>
Response at 4-5; <u>see also</u> R&R at 3 n.1.  In light of the dismissal of petitioner's
unexhausted claims and the fact that petitioner's unexhausted claims are not
currently time-barred, it is appropriate to grant petitioner's request for a <u>Kelly</u> stay,
as described and limited below.  **However, petitioner is cautioned that neither a
stay of this action pending petitioner's exhaustion of the Dismissed Claims, nor
the filing of the instant federal Petition toll the statute of limitations as to the
Dismissed Claims.**  <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 172 (2001).  **Nothing in
this Order should be construed to suggest that the Court has made any
determination as to whether it would ultimately permit petitioner to amend the
current federal Petition to re-add the Dismissed Claims once exhausted or
whether such claims would be timely once exhausted.**

The stay is described as follows and subject to the following limitations:

(a)     This action is stayed for petitioner to complete the exhaustion of <u>only</u>
the Dismissed Claims.

(b)     Beginning thirty (30) days from the date of this Order and every
sixty (60) days thereafter, petitioner shall file a report with the Court detailing the
status of the state court proceedings relative to the exhaustion of the Dismissed
Claims.  If petitioner has no new information regarding the status of petitioner's
efforts to exhaust his state remedies in a given period because a matter remains
pending in state court, petitioner is nonetheless ordered to serve and file a status
report advising this Court of that fact.

(c)     Within thirty (30) days of any state decision granting petitioner
habeas relief or, if none, within thirty (30) days of the California Supreme Court's
decision relative to a state habeas petition containing the Dismissed Claims,
petitioner shall file and serve in this Court, a notice of such decision and attaching
as an exhibit thereto, a copy of such decision.

**(d)     The failure to meet any of the time requirements set out above**

4

**shall result in an order vacating the stay, *nunc pro tunc*, may preclude consideration of the Dismissed Claims, and may result in the dismissal of this action for lack of prosecution.**

(e)     Nothing in this order precludes respondent from raising procedural or other objections/defenses to the Petition, any amended federal petition or any claims contained therein.

5.     In light of the foregoing, Respondent's Motion to Dismiss the Petition as "mixed" is moot and is denied as such.

6.     The Clerk shall:

(a)     administratively close and remove this case from the Court's active case load; and

(b) serve copies of this Order on petitioner and on counsel for respondent.

IT IS SO ORDERED.

1/30/18

DATED: _____

_____

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE