UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-64 DSF(JC) | Date | March 16, 2018 |
|---|---|---|---|
| Title | Gregory Wallace v. Stu Sherman | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE REGARDING PETITIONER'S FAILURE TO COMPLY WITH COURT ORDER AND TO FILE STATUS REPORT

On January 4, 2017, petitioner Gregory Wallace, who is in custody and is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his convictions in Santa Barbara County Superior Court Case No. 1362689 ("State Case"). (Petition at 2). The Petition appears to claim: (1) the trial court abused its discretion by violating the Equal Protection Clause in ordering that petitioner be tried jointly with his two co-defendants (Ground 1); (2) allowing the trial to proceed after the death of the trial judge and assignment of a new trial judge violated petitioner's 14th Amendment right to due process (Ground 2); (3) petitioner's physical restraints during the whole trial violated the 8th Amendment (Ground 3); (4) petitioner's first degree murder conviction under a natural and probable consequences theory was unconstitutional under People v. Chiu, 59 Cal. 4th 155 (2014) and equal protection law (Ground 4); and (5) the jury foreperson's reference to a bible passage during deliberations violated the 4th, 5th, 6th and 14th Amendments (Ground 5). (Petition at 5-6, 9-20).

On January 2, 2018, petitioner filed a motion which sought to dismiss his unexhausted claims ("Petitioner's Motion to Dismiss") and a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Motion to Stay"). By order dated January 30, 2018 ("January Order"), the District Judge granted Petitioner's Motion to Dismiss and dismissed the claims it deemed to be unexhausted – Grounds 1, 3 and 5 of the Petition and Ground 4 of the Petition to the extent predicated on a violation of the Equal Protection Clause ("Dismissed Claims") – without prejudice. The January Order further granted the Motion to Stay to exhaust the Dismissed Claims and directed petitioner, beginning thirty (30) days from the date of the January Order and every sixty (60) days thereafter, to file a status report detailing the status of the state court proceedings in issue. The January Order further expressly cautioned petitioner that the failure to meet any of the time requirements contained in the January Order would result in an order vacating the stay, *nunc pro tunc*, might preclude consideration of the Dismissed Claims, and might result in the dismissal of this action for lack of prosecution.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-64 DSF(JC) | Date | March 16, 2018 |
|---|---|---|---|
| Title | Gregory Wallace v. Stu Sherman | | |

      Pursuant to the January Order, petitioner's initial status report was due by March 1, 2018. To date, petitioner has failed to file the required initial status report which was due more than two weeks ago. Petitioner has likewise failed to seek an extension of time to file such status report. Nor has petitioner requested or been excused from the obligation timely to file such report.

      IT IS THEREFORE ORDERED: By no later than **April 5, 2018**, petitioner shall show cause, if there be any (1) for his failure timely to file the required initial status report; and (2) why this action should not be dismissed based on petitioner's failure to file the required initial status report, failure to comply with the District Judge's order, and/or failure to prosecute. **Petitioner is cautioned that the failure timely to comply with this Order to Show Cause may result in the dismissal of this action based upon petitioner's failure to comply with Court's orders and/or petitioner's failure to prosecute this action, or may result in an order vacating the stay,** *nunc pro tunc*, **which may preclude consideration of the Dismissed Claims.**

      IT IS SO ORDERED.