# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-64 DSF(JC) | Date | February 12, 2019 |
| Title | Gregory Wallace v. Stu Sherman | | |

Present: The Honorable **Jacqueline Chooljian, United States Magistrate Judge**

| Kerri Hays | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Petitioner: None

Attorney Present for Respondent: None

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED BASED UPON PETITIONER'S FAILURE TO COMPLY WITH COURT ORDER AND TO FILE STATUS REPORT

On January 4, 2017, petitioner Gregory Wallace, who is in custody and is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his convictions in Santa Barbara County Superior Court Case No. 1362689 ("State Case"). (Petition at 2). The Petition appears to claim: (1) the trial court abused its discretion by violating the Equal Protection Clause in ordering that petitioner be tried jointly with his two co-defendants (Ground 1); (2) allowing the trial to proceed after the death of the trial judge and assignment of a new trial judge violated petitioner's 14th Amendment right to due process (Ground 2); (3) petitioner's physical restraints during the whole trial violated the 8th Amendment (Ground 3); (4) petitioner's first degree murder conviction under a natural and probable consequences theory was unconstitutional under People v. Chiu, 59 Cal. 4th 155 (2014) and equal protection law (Ground 4); and (5) the jury foreperson's reference to a bible passage during deliberations violated the 4th, 5th, 6th and 14th Amendments (Ground 5). (Petition at 5-6, 9-20).

On January 2, 2018, petitioner filed a motion which sought to dismiss his unexhausted claims ("Petitioner's Motion to Dismiss) and a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Motion to Stay"). By order dated January 30, 2018 ("January Order"), the District Judge granted Petitioner's Motion to Dismiss and dismissed the claims it deemed to be unexhausted – Grounds 1, 3 and 5 of the Petition and Ground 4 of the Petition to the extent predicated on a violation of the Equal Protection Clause ("Dismissed Claims") – without prejudice. The January Order further granted the Motion to Stay to exhaust the Dismissed Claims and directed petitioner, beginning thirty (30) days from the date of the January Order and every sixty (60) days thereafter, to file a status report detailing the status of the state court proceedings in issue. The January Order further expressly cautioned petitioner that the failure to meet any of the time requirements contained in the January Order would result in an order vacating the stay, *nunc pro tunc*, might preclude consideration of the Dismissed Claims, and might result in the dismissal of this action for lack of prosecution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-64 DSF(JC) | Date | February 12, 2019 |
|---|---|---|---|
| Title | Gregory Wallace v. Stu Sherman | | |

Pursuant to the January Order, petitioner's initial status report was due by March 1, 2018. As petitioner failed to file the required initial status report, the Court, on March 16, 2018, issued an Order to Show Cause ("First OSC") directing petitioner to show cause, if there be any (1) for his failure timely to file the required initial status report; and (2) why this action should not be dismissed based on petitioner's failure to file the required initial status report, failure to comply with the January Order, and/or failure to prosecute.

On March 27, 2018, petitioner filed a Motion Requesting Extension which reflected that he had not received the January Order, but had received the First OSC, and sought a 30-day extension of time to file the requisite initial status report. On the same date, this Court issued an order ("March Order") discharging the First OSC, directing that the January Order forthwith be served upon petitioner and respondent's counsel, and extending petitioner's deadline to file the initial status report called for by the January Order to April 26, 2018. The March Order reminded petitioner that he remains responsible for otherwise complying with the January Order (*e.g.*, by timely filing periodic status reports as directed therein) and cautioned that the failure to meet any of the time requirements set out in the January Order (as extended by the March Order) shall result in an order vacating the stay, *nunc pro tunc*, may preclude consideration of the Dismissed Claims, and may result in the dismissal of this action for lack of prosecution.

On May 2, 2018, the Clerk received a request from petitioner for a 60-day extension of time to file the initial status report (predicated upon petitioner's asserted inability to conduct legal research due to assertedly insufficient access to the law library), which was returned without filing on May 3, 2018 because it was not accompanied by a proof of service. See Docket No. 34 (Notice of Discrepancy and Order). On May 15, 2018, the Clerk again received a request from petitioner for a 60-day extension of time (predicated upon petitioner's assertedly inability to conduct legal research due to assertedly insufficient access to the law library), which was returned without filing on May 18, 2018 because it was not accompanied by a proof of service reflecting service upon respondent's counsel, with a notation that "no legal research is necessary to advise the court of status." See Docket No. 37 (Notice of Discrepancy and Order).

In light of the foregoing, this Court, on July 3, 2018, issued another Order to Show Cause ("Second OSC") directing petitioner, by no later than July 23, 2018, to show cause, if there be any (1) for his failure timely to file the required initial status report – particularly since no legal research is required to advise the Court of the status of this matter; and (2) why this action should not be dismissed based on petitioner's failure to file the required initial status report, failure to comply with the January Order as extended by the March Order, and/or failure to prosecute.

On or about July 25, 2018, the Court received what it construed to be a response to the Second OSC and petitioner's initial status report. On July 26, 2018, the Court issued an order ("July Order") discharging the Second OSC, and again reminding petitioner that he remains responsible for otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-64 DSF(JC) | Date | February 12, 2019 |
|---|---|---|---|
| Title | Gregory Wallace v. Stu Sherman | | |

complying with the January Order (*e.g.*, by timely filing periodic status reports as directed therein)[1] and cautioning that the failure to meet any of the time requirements set out in the January Order (as extended by subsequent orders) shall result in an order vacating the stay, *nunc pro tunc*, may preclude consideration of the Dismissed Claims, and may result in the dismissal of this action for lack of prosecution.

On September 13, 2018 and November 26, 2018, the Court received from petitioner and formally filed his second and third periodic status reports. Petitioner's fourth status report was due January 14, 2019 – effectively 60 days after he constructively filed the third status report by providing it to prison authorities for mailing on November 13, 2018. To date, petitioner has not filed his fourth status report. Nor has he sought an extension of time to do so or otherwise communicated with the Court since the submission of his third status report.

In light of the foregoing IT IS HEREBY ORDERED: By no later than **March 4, 2019**, petitioner shall (1) file his fourth status report; (2) show good cause, if there be any for his failure timely to file the required fourth status report; and (3) show good cause, if there be any, why this action should not be dismissed based on petitioner's failure to file/timely to file the required fourth status report, failure to comply with the January Order (as extended by subsequent orders), and/or failure to prosecute. **Petitioner is cautioned that the failure timely to comply with this third Order to Show Cause may result in the dismissal of this action based upon petitioner's failure to comply with the Court's orders and/or petitioner's failure to prosecute this action, or may result in an order vacating the stay, *nunc pro tunc*, which may preclude consideration of the Dismissed Claims.**

IT IS SO ORDERED.

---

[1] The Court notified petitioner that his next status report was due September 17, 2018 – 60 days after he constructively filed the initial status report by providing it to prison authorities for mailing on July 19, 2018.